# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**ANDRE TURNER PRIMUS**,

        Petitioner,

v.

**UNITED STATES OF AMERICA**,

        Respondent.

Civil No.:  3:16CV90
Criminal No.: 3:12CR24
(JUDGE GROH)

# REPORT AND RECOMMENDATION

## I.  INTRODUCTION

On June 21, 2016, ANDRE TURNER PRIMUS ("Petitioner"), proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  (Civil Action No. 3:16CV90, ECF No. 1; Criminal Action No. 3:12CR24, ECF No. 55).[1] The undersigned now issues this Report and Recommendation on the Petitioner's motion without requiring the Government to respond and without holding an evidentiary hearing.  For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss the Petitioner's motion.

## II.  FACTS

Petitioner was adjudged guilty of Count 2, possession with intent to distribute cocaine base, in violation of 21 U.S.C. 841(a)(1).   On November 5, 2012, the Petitioner was sentenced to a term of 188 months imprisonment followed by 6 years of supervised

---
[1]From this point forward, all ECF Numbers refer to Petitioner's Criminal Action, 3:12CR24.

1

release. Judgment, ECF No. 34. According to the Pre-Sentence Report ("PSR"), Petitioner was a career offender within meaning of U.S.S.G. §4B1.1 of the guidelines for the following reasons (1) Petitioner was 18 years or older at the time of the commission of the instant offense; (2) the instant offense was a felony involving a controlled substance; and (3) Petitioner had at least two prior felony convictions of either a crime of violence or a controlled substance offense. PSR, ECF No. 33 at 9, ¶39. The Petitioner did file an appeal of his conviction or sentence. On appeal, the Fourth Circuit Court of Appeals affirmed. ECF No. 49.

In this Motion to Vacate Under 28 U.S.C. § 2255, the Petitioner alleges that pursuant to the decision in Johnson v. United States[2], his career offender status is no longer valid under the residual clause. According to the PSR, the previous felony convictions that qualified petitioner as a career offender were first degree robbery and possession with intent to distribute cocaine. PSR, ECF No. 33 at 9, ¶39. The Petitioner alleges that his conviction for first degree robbery in Brooklyn, New York is not a violent crime under the residual clause of U.S.S.G §4B1.2(a)(2). For relief, Petitioner asks that he be re-sentenced without the career offender enhancement. ECF No. 55-1 at 9.

### III.   ANALYSIS

In Johnson, the Supreme Court struck the residual clause of the Armed Career Criminal Act ("ACCA") for being unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. Johnson v. United States, 135 S.Ct. 2551, 2555-57 (2015). The only portion of the ACCA that was invalidated was the residual clause defining "violent felony" as any crime punishable by more than one year in prison that

---

[2] Johnson v. United States, 135 S.Ct. 2551 (2015).

"or otherwise involves conduct that presents a serious potential risk of physical injury to another;…." 18 U.S.C. §924(e)(2)(B)(ii). Specifically, this means that the provision of the ACCA defining "serious drug offense" under 18 U.S.C. §924(e)(2)(A) remains in full force and effect. Additionally, the provision of the ACCA defining "violent felony" as any crime punishable by more than one year in prison that 18 U.S.C. §924(e)2)B): "(i) has an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves explosive,…." remain in full force and effect as well. Therefore, it is only a very narrow portion of the definition of "violent felony" that has been held unconstitutional.

Since Johnson was decided, many prisoners who were given enhanced sentences under §4B1.1 of the United States Sentencing Guidelines ("U.S.S.G.") as career offenders have challenged their sentences by arguing that the residual clause of the career enhancement §4B1.2(a)(2) is unconstitutionally vague.[1] The residual clause of U.S.S.G. §4B1.2(a)(2) is identical to the residual clause in the ACCA that Johnson ruled unconstitutional. Like the ACCA, only a narrow portion of §4B1.2(a)(2) defining "crime of violence" would be applicable if the U.S. Supreme Courts holds that the residual clause of U.S.S.G. §4B1.2(a)(2) is unconstitutional as well.

---

[1] The Fourth Circuit recently issued a decision which addressed the term "crime of violence" in §4B1.2. See In re Hubbard, ___ F.3d ___, 2016 WL 3181417 (4th Cir. June 8, 2016). Although the Court did not find that the career offender residual clause unconstitutional per se, it did grant the petitioner leave to file a successive § 2255 motion. Moreover, the United States Supreme Court recently granted a writ of certiorai in Travis v. Beckles, ___ S.Ct. ___, 2016 WL 1029080 (June 27, 2016). Among the issues presented in the case is whether Johnson applies retroactively to collateral cases challenging federal sentences under the residual clause in U.S.S.G. §4B1.2(a)(2) (defining "crime of violence").

Petitioner was sentenced as a career offender under U.S.S.G. §4B1.1. At the time, the relevant provision read:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. §4B1.1. In turn, this provision relied on §4B1.2 for definitions of key terms. At that time, the following definitions were provided:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another.**
>
> (b) The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.
>
> (c) The term 'two prior felony conviction' means (1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or controlled substance offense (i.e., two felony convictions of a crime of violence, two felony convictions of a controlled substance offense, or one felony conviction of a crime of violence and one felony conviction of a controlled substance offense), and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of §4A1.1(a), (b), or (c). The date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of nolo contendere.

U.S.S.G. §4B1.2 (emphasis added).

4

Accordingly, the residual clause of §4B1.2(a)(2), contained the same language as the ACCA which was struck down as unconstitutional in Johnson. Moreover, the Court acknowledges that some defendants sentenced as a career offender under the residual clause of §4B1.2(a)(2) may be entitled to relief if the holding in Johnson is extended to career offenders.[2]  However, the instant case does not require such analysis as Petitioner's two prior convictions which resulted in his career offender status were felony convictions for controlled substance and crime of violence.

Petitioner's felony conviction for possession with intent to distribute cocaine base in Hagerstown, Maryland is clearly a "controlled substance offense" falling under U.S.S.G. §4B1.2(b), not the residual clause of U.S.S.G. §4B1.2(a)(2).  Petitioner's felony conviction for first degree robbery in Brooklyn, New York, was considered a "crime of violence" for purposes of applying his career offender status.  As for this prior conviction, the issue presented is whether, after the decision in Johnson, the felony conviction for first degree robbery in Brooklyn, New York, is still considered a "crime of violence." The Johnson case clarified the issue:

> The Supreme Court and our own precedents make clear that the question in such cases is *what kind of statute* the defendant violated, not what conduct he likely engaged in. The most faithful way to answer that question is to use the categorical approach unless the statute of prior conviction is divisible into separately listed offenses."

Johnson, 559 U.S. at 144, 130 S.Ct. 1265.

Subsequent to the Johnson decision, the District Court for the Eastern District of New York in U.S. v. Jones, 105 F. Supp.3d 233 (2015), considered whether assault of a federal officer resulting in bodily injury, 18 U.S.C.A. §111(a)(1), was a "crime of

---

[2] The U.S. Supreme Court has not made a decision as to whether the residual clause of U.S.S.G. §4B1.2 is unconstitutional.  See cases cited in footnote above.

5

violence" requiring application of the career offender guideline and whether defendant's prior youthful offender adjudication under New York law for first degree robbery was a felony "crime of violence." Id. In Jones, the District Court found that first degree robbery in New York constitutes a prior felony conviction of a crime of violence within the meaning of §4B1.1(a) and the career offender enhancement was applicable.[3] Id. at 241.

Accordingly, Petitioner's two prior felonies were accurately used by the sentencing court to qualify Petitioner as a career offender under the guidelines and his argument that Johnson renders his sentence void lacks merit.

## IV.     RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action No. 3:16CV90, ECF No. 1; Criminal Action No. 3:12CR24, ECF No. 55] be **DENIED** and **DISMISSED** as he qualifies as a career offender under the guidelines after an analysis under Johnson.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable GINA M. GROH, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S.

---

[3] Although the Court's determination regarding first degree robbery in the Jones case involved whether a youthful offender conviction qualifies as an adult conviction under New York law, it is clear that there was no question that the first degree robbery statute of New York qualified as a "crime of violence" under the career offender guideline.

6

140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: 7-8-2016

/s/ Robert W. Trumble
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE